### JIM MCLAIN V. THE STATE.

*No. 3981.   Decided December 12.*

1. **Evidence — Foot Tracks — Opinion Evidence.**—Where, on a trial for burglary, the State's witness testified, over objection of defendant, that he measured the tracks found at the place of burglary, that he also examined the shoe defendant had on just after the burglary, and that upon placing the shoe in the track he found that it fitted exactly, *held*, that the testimony was competent and not inadmissible upon the ground that it was opinion evidence.

2. **Practice — Charge of the Court — Must be Certified and Filed.**—Article 680 of the Code of Criminal Procedure requires that the charge given by the court to the jury shall be certified by the judge and filed with and constitute a part of the record of the cause. *Held*, where the charge is not certified it is insufficient and invalid.

APPEAL from the District Court of Hill. Tried below before Hon. J. M. Hall.

Appellant was tried and convicted under an indictment charging him with burglary, and given as his punishment two years in the penitentiary. It is unnecessary to give the facts.

*Smith & Wear*, for appellant.

No brief on file for the State.

DAVIDSON, JUDGE.—Over defendant's objection, the State was permitted to prove by the witness Long that he measured tracks found at the place of burglary; that he also examined the shoe defendant had on

just after the commission of the offense, and that upon placing the shoe in the track he found that it fitted exactly.    The defendant objected to this evidence because it called for and elicited the opinion of the witness, and was therefore inadmissible.

It was not error to permit this witness to state his opinion as to the comparison of the tracks and the shoe, and their correspondence with each other, nor was it error to permit the witness to state the result of his comparison of the shoe and the track after placing the shoe in the track.    The admissibility of such testimony is not an open question in this State.    Kemp v. The State, 28 Texas Ct. App., 519; Clark v. The State, 28 Texas Ct. App., 189; Thompson v. The State, 19 Texas Ct. App., 594.

There is in the record what purports to be a charge of the court, but it is neither signed by the judge nor in any manner certified by him. We are not authorized to consider it for any purpose.    Our statute requires that "the general charge given by the court, as well as those given and refused at the request of either party, shall be certified by the judge and filed among the papers in the cause, and shall constitute a part of the record of the cause."    Code Crim. Proc., art. 680; Williams v. The State, 18 Texas Ct. App., 409; Smith v. The State, 1 Texas Ct. App., 408; Lindsay v. The State, Id., 584; West v. The State, 2 Texas Ct. App., 209; Hubbard v. The State, Id., 506; Henderson v. The State, 5 Texas Ct. App., 134.    This omission was called to the court's attention in the motion for a new trial, but he promptly overruled the motion. We see no reason for such errors.    The court should bow in submission to the express statutory will of the law-making power.

For this error of the court the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.